UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SUNNY RUSS, Individually, and as**
**Parent and Natural Guardian of**
**SRJ, a Minor,**

      Plaintiff,

v.	Case No. 8:06-cv-369-T-24TBM

**UNITED STATES OF AMERICA,**

      Defendant.
_____/

## O R D E R

THIS MATTER is before the court on **Plaintiff's Motion to Compel Defendant to Pre-pay Deposition Deposit and Memorandum of Law in Support Thereof** (Doc. 30). The Defendant has filed a response in opposition (Doc. 31).

By her motion, Plaintiff seeks an Order, pursuant to Fed. R. Civ. P. 26(b)(4)(c), compelling the Defendant to pre-pay the deposition deposit fee of $800.00 requested by Robert Cullen, M.D., a neurologist who examined SRJ. By Plaintiff's representation, she has secured an agreed upon date for Dr. Cullen's deposition, but the doctor will not reserve a date for his deposition without a pre-paid deposit and the Defendant has refused to make pre-payment or to reimburse Plaintiff if she pays the pre-payment deposit.

Citing to 31 U.S.C. § 3324, the Defendant responds that the United States Government is prohibited from providing advance payment for contractual services and goods except when authorized by a specific appropriation or by the President. Defendant asserts that

it has declined Plaintiff's offer to pre-pay Dr. Cullen's fee in advance because no contract can be executed between the United States and Plaintiff's law firm for a contractual service provided by a third party. Defendant asserts further that the United States Department of Justice has agreed to pay Plaintiff's expert witness a reasonable fee (his requested fee) for his deposition time and has agreed to begin the two-hour deposition at 5:45 p.m. to accommodate the doctor's schedule. Under these circumstances, Defendant argues that the doctor's refusal to accept payment by the United States Government after the conclusion of his deposition is unreasonable, particularly given the requirement of federal law. As such, Defendant requests that the court issue an Order directing Dr. Cullen to accept payment by the United States Government after his service is provided or to strike Dr. Cullen from further participation in this litigation.

Rule 26(b)(4)(c) requires that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery. Fed. R. Civ. P. 26(b)(4)(c). The rule, however, is silent with regards to the time of payment. To this end, federal law generally prohibits the advance payment by the United States Government for contractual services and goods. See 31 U.S.C. § 3324. Although certain circumstances are excepted from this statutory requirement, none are present in this case. As such, the court agrees with Defendant that the plain meaning of the statute prevents the United States Government from making advance payment for the deposition of an expert witness in litigation with the United States, and the court accepts Defendant's representation that it is legally barred from reimbursing Plaintiff. Accordingly, **Plaintiff's Motion to Compel Defendant to Pre-pay Deposition Deposit and**

**Memorandum of Law in Support Thereof** (Doc. 30) is **DENIED**.  Further, under the circumstances and given the lack of authority cited, Defendant's request to strike Dr. Cullen is denied without prejudice.

    **Done and Ordered** in Tampa, Florida, this 21st day of December 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record